IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

CRIMINAL NO. 10-458 (JAG)

EDGARDO GUZMAN-PAGAN,

**Defendant.**

## OPINION & ORDER

GARCIA-GREGORY, D.J.

Before the Court is Defendant Edgardo Guzman-Pagan's motion requesting a judgment of acquittal pursuant to Fed.R.Civ.P. 29 or, in the alternative, a new trial pursuant to Fed.R.Civ.P. 33. (Docket No. 148). For the reasons that follow, the motion is **DENIED.**

## FACTUAL BACKGROUND

On December 8, 2010, an Indictment was filed against Edgardo Guzman-Pagan ("Guzman" or "Defendant") charging him with assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) and (b). (Docket No. 11). Jury Trial commenced On November 30, 2012, and on November 30, 2012, the jury returned a verdict of guilty. On January 25, 2013, Guzman moved the Court to enter a judgment of acquittal pursuant to Fed.R.Crim.P. 29 or, in the alternative, a new trial pursuant to Fed.R.Crim.P. 33. (Docket No. 148). The Government timely filed an opposition to Defendant's motion. (Docket No. 151).

Crim. No. 10-458 (JAG)                                          2

## STANDARD OF REVIEW

Pursuant to Fed.R.Crim.P. 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." When considering a motion under Rule 29, the Court must determine "whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that defendant is guilty beyond a reasonable doubt." Dirring v. United States, 328 F.2d 512, 515 (1st Cir. 1964); see also United States v. Doe, 921 F.2d 340, 343 (1st Cir. 1990).

In assessing the sufficiency of the evidence, the Court must "'view the evidence and draw reasonable inferences in the light most favorable to the verdict.'" United States v. Diaz, 300 F.3d 66, 77 (1st Cir. 2002)(quoting United States v. McGauley, 279 F.3d 62, 66 (1st Cir. 2002)). "The evidence is legally sufficient so long as, taken as a whole, it warrants a judgment of conviction." United States v. Baldyga, 233 F.3d 674, 678 (1st Cir. 2000). "[A] verdict of guilty shall stand unless, after reviewing the evidence in the light most favorable to the prosecution, the Court finds that *no rational trier of fact* could have found proof of guilt beyond a reasonable doubt." U.S.

v. Marquez Figueroa, 283 F.Supp.2d 596, 598 (D.P.R. 2003)(citing Jackson v. Virginia, 443 U.S. 307, 324 (1979))(emphasis in original).

On the other hand, Federal Rule of Criminal Procedure 33 empowers the court to grant a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. "The remedy of a new trial is rarely used; it is warranted only where there would be a miscarriage of justice or where the evidence preponderates heavily against the verdict." United States v. Rodriguez-de-Jesus, 202 F.3d 482, 486 (1st Cir. 2000)(citing United States v. Gonzalez-Gonzalez, 136 F.3d 6, 12 (1st Cir. 1998)).

**DISCUSSION**

Motion for judgment of acquittal

Guzman first contends that the Government presented "no evidence to establish that Mr. Guzman knew what he was doing at the time that he was involved in the confrontation with Officer Alvelo." (See Docket No. 148, p. 3)[1] We strongly disagree. The evidence clearly established, through the testimony of Officer Eduardo Alvelo-Nieves ("Officer Alvelo") and even video surveillance, that the defendant struck Officer Alvelo in the face, sometime after having received a

---

[1] The offense of assault on a police officer requires proof that the defendant acted knowingly and intentionally. See 18 USC § 111.

Crim. No. 10-458 (JAG)                                              4

ticket from the officer for illegal parking. Thus, the Government provided more than sufficient evidence to prove the essential elements of the charged offense. It is Guzman, not the Government, who must prove in this case that Defendant, at the time he committed the offense, lacked intent and was "unable to appreciate the nature and quality or the wrongfulness" of his actions due to a mental disorder. See 18 U.S.C. § 17(b). We thus turn to consider Defendant's arguments concerning what is known as the insanity defense.

Second, Guzman argues that he proved by clear and convincing evidence that due to his mental disorder he could not appreciate the nature and wrongfulness of his conduct. (See Docket No. 148, p. 8). He states that the evidence provided a five-year history of mental illness, where Guzman was diagnosed with several disorders, among them major depressive disorder, mood disorder and bipolar disorder. Id. at 8-9. According to Guzman, the "record provides no reasonable basis" for the jury to have rejected the proffered evidence regarding his mental state. Id. Once again, Defendant falls short of convincing this Court.

Guzman presented three witnesses at trial to prove the defense of insanity: (1) Lydia Marrero, Guzman's wife, (2) Dr. Humberto Rodriguez, a psychiatrist[2], and (3) Dr. Arlene Rivera, a psychiatrist with a sub-specialty in forensic psychiatry. Guzman emphasizes that "[b]oth doctors, [after having discussed Guzman's several disorders and medical history], testified that a patient, like Guzman, *may* lose

---

[2] In fact, Dr. Rodriguez did not remember treating Guzman; his testimony was thus limited to the notes he had made on Guzman's medical record.

complete control during a hypomanic episode or a manic episode. (See Docket No. 148, p. 7)(our emphasis). That, Guzman argues, coupled with the fact that Guzman remained calm throughout, and then suddenly punched the officer, provides clear and convincing evidence that he lost control and could not appreciate the nature of his conduct. After further review, we find that Guzman's contention ignores the totality of the evidence presented at trial.

    The Government presented as a rebuttal witness, Dr. Jaime Grodzinski, a clinical psychologist and neuropsychologist who interviewed Guzman, Guzman's wife, and also was able to review Guzman's medical records. Dr. Grodzinski diagnosed Guzman with adjustment disorder with mixed anxiety and depressed mood. He concluded that this disorder did not prevent Guzman from controlling or understanding his actions. (See Docket No. 151, p. 8) On top of that, Dr. Rodriguez, the defense's own expert witness, testified that Guzman was never found to be a danger to the community and that his manner of thinking was "coherent, relevant, and logical." (Id. at 7) We fail to see how the abovementioned was insufficient for the jury to find that Guzman knowingly and intentionally struck Officer Alvelo. Both the Government and Guzman presented expert witnesses who testified on his mental state; yet the jury found the Government's to be more credible. It was a decision based on a weighing of the evidence presented at trial and, in our view, a reasonable one. Accordingly, we hold that the evidence at trial was sufficient to convict Guzman; the motion for acquittal is denied.

Crim. No. 10-458 (JAG)                                                          6

<u>Motion for New Trial</u>

        Finally, Guzman moves the Court for a new trial alleging that
the evidence weighed heavily against the jury's conclusion that Guzman
was not suffering from a severe disorder that prevented him from
appreciating the nature and wrongfulness of his conduct. (<u>See</u> Docket
No. 148, p. 10) He argues that Dr. Grodzinski, as the Government's
only rebuttal witness, "did little to counter the plethora of evidence
regarding Guzman's mental health history, treatment, and
symptomatology." (<u>See</u> Docket No. 148, p. 11). Unfortunately, this is
Guzman's third strike.

        The Government not only presented its own expert rebuttal
witness, but also undermined the credibility of Guzman's expert
witnesses and highlighted certain deficiencies in the defense's
position. As previously stated, Guzman's own expert witnesses
testified that a patient with Guzman's disorder *may* lose control of
his actions. On the other hand, the Government stressed that (1) no
evidence was presented of a previous violent episode by Guzman, (2)
Guzman was never found to be a danger to his community, (3) his wife
never mentioned Guzman's mental disorder as the cause of his actions
to the officers[3], and that (4) Guzman's manner of thinking was coherent
and logical. Thus, with the evidence presented at trial, we simply
cannot find that the jury reached a "seriously erroneous verdict." <u>See</u>
<u>U.S. v. Rivera Rangel</u>, 396 F.3d 476, 486 (when the award of new trial
is based on the court's evaluation of the weight of the evidence, it

---

[3] Guzman's wife did inform the officers of an arm injury he had previously
sustained.

must be quite clear that the jury reached a seriously erroneous result). The motion for new trial is also denied.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Guzman's motion for judgment of acquittal or for a new trial. (Docket No. 148).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of May, 2013.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge